IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| THOMAS ZIEL, <br><br> Plaintiff, <br><br> v. <br><br> CHATHAM COUNTY, GEORGIA; and JOHN DOE(S), <br><br> Defendants. | CIVIL ACTION NO.: 4:23-cv-116 |

**O R D E R**

Before the Court is a "Notice of Voluntary Dismissal Pursuant to [Federal Rule of Civil Procedure] 41(a)(1)(A)(i)," signed solely by counsel for Plaintiff, wherein Plaintiff purports to "give[] notice that this action is voluntarily dismissed" without prejudice. (Doc. 39.) According to Plaintiff, he is authorized by Federal Rule of Civil Procedure 41(a)(1)(A)(i) to unilaterally dismiss the case because "Defendants Chatham County Georgia, Carlo Musso, MD, Correcthealth LLC, Correcthealth Chatham LLC, and John Doe, have not served an answer or motion for summary judgment in this action." (Id.) Plaintiff's statement is confounding, however, as all Defendants who were specifically named in the Complaint *have* filed answers,[1] (see docs. 1-1, pp. `8–26; docs. 14, 21, 22), all of those Defendants other than Chatham County have already been

---

[1] Plaintiff, in the caption of his Complaint, purported to assert claims against "John Doe(s)," though he does not include any specific allegations about any individuals who he claims should be held liable to him but whom he is unable to identify. (See doc. 1-1, p. 5.) "[F]ictitious-party pleading is not permitted in federal court," Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010), and Plaintiff has not sufficiently identified the defendants to whom he intended to refer through the use of these fictitious monikers. Additionally, no one has appeared in the case on behalf of any party that might qualify as any of the defendants that Plaintiff identified as "John Doe(s)."

dismissed from the action, (see docs. 34, 35), and the remaining Defendant, Chatham County, has filed a Motion for Summary Judgment (which is pending on the docket), (doc. 31).  In light of the foregoing, subsection (a)(1)(A)(i) does not apply and Plaintiff is not authorized to unilaterally dismiss the case.  Instead, Plaintiff's only avenues for dismissal of the case are a Court order (upon motion by Plaintiff and an opportunity for Defendant to respond) or a stipulation of dismissal signed by all remaining parties who have appeared.  See Fed. R. Civ. P. 41(a)(1) ("[T]he plaintiff may dismiss an action without a court order [only] by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."); id. at 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.").  Accordingly, Plaintiff's filing is of no effect and the Court **DIRECTS** the Clerk of Court to **TERMINATE** it as **MOOT**.  (Doc. 39.)  Plaintiff is free to renew his efforts to dismiss the case without prejudice, but he must do so in compliance with Fed. R. Civ. P. 41(a).

    **SO ORDERED**, this 14th day of June, 2024.

    _____
    R. STAN BAKER, CHIEF JUDGE
    UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF GEORGIA